UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAGHOUB MOHAMEDDOU,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2829

Honorable Paul L. Maloney

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.14, 15.)

In an order entered on October 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on October 9, 2026, (ECF No. 4), and Petitioner filed his reply on October 12, 2026. (ECF No. 5.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Mauritania. (Pet., ECF No. 1, PageID.1; Wynns Decl. ¶ 4, ECF No. 4-1, PageID.53.) Petitioner entered the United States on May 13, 2024, was served a Notice to Appear (NTA), and released on an Order of Recognizance. (Wynns Decl. ¶ 5, ECF No. 4-1, PageID.53.) Petitioner was detained by ICE on November 18, 2025, and ordered removed by an immigration judge on February 10, 2026. (*Id.*, ¶¶ 6, 9, PageID.53, 54.) Petitioner was ordered "removed to Uganda under the Asylum Cooperative Agreement [ACA]" and the order of removal "became administratively final on March 12, 2026." (*Id.*, ¶ 9, PageID.54.)

"On May 29, 2026, [Enforcement and Removal Operations] (ERO) Detroit officers interviewed [Petitioner] for a 90-day Post Order Custody Review . . . [and] determined [Petitioner] should remain in ICE custody pending removal as his lack of significant ties and equities in the United States made him a flight risk." (*Id.*, ¶ 10.) "On August 31, 2026, ERO Detroit officers interviewed [Petitioner] for a 180-Day Post Order Custody Review . . . [and] did not observe any factual changes from the 90-day review," and Petitioner remained in ICE custody. (*Id.*, ¶ 12.) Respondents allege that "ERO Detroit has continuously communicated [internally] regarding the status of ACA flights to Uganda. All ACA flights to Uganda are currently pause due to an Ebola outbreak." (*Id.*, ¶ 14, PageID.55.) ERO is in possession of Petitioner's passport and an ICE-issued I-269 Certificate of Identity for Departure from the United States. (*Id.*, ¶ 12, PageID.54–55.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Merits Discussion**

The parties agree that because Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. (*See* Resp., ECF No. 4, PageID.43; Pet., ECF No. 1, PageID.10.) However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. (Pet., ECF No. 1, PageID.13–14.) In response, Respondents argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). (*See* Resp., ECF No. 4, PageID.45–49.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final on March 12, 2026. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the

Government must respond with evidence sufficient to rebut that showing." *Id.*[1] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

In this case, Petitioner has been in ICE custody since November 18, 2025, and subject to a final order of removal since March 12, 2026. Petitioner argues that there is a good reason to believe that no significant likelihood of removal exists because Respondents have been unable to remove Petitioner to Uganda and there has been no confirmation from Uganda that they will accept Petitioner, even prior to the Ebola outbreak. Petitioner has "fully complied with efforts by ICE to effectuate his removal, including providing his valid passport, attending interviews, and signing requested documents." (Pet., ECF No. 1, PageID.1.)

Respondents' declarant states that "[a]ll ACA flights to Uganda," which is where Respondents seek to remove Petitioner, "are currently paused due to an Ebola outbreak." (Wynns Decl. ¶ 14, ECF No. 4-1, PageID.55.) Respondents do not provide an estimated timeline for the resumption of flights, and they have provided no details regarding their communications with Uganda regarding Petitioner's removal since the order of removal became final, including whether the government possesses the necessary documentation to remove Petitioner. (*See generally id.*) Under these circumstances, there is "good reason" to believe that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Because Petitioner

[1] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

has met his burden, Respondents must respond with evidence sufficient to rebut that showing. *Id.* Respondents have not done so.

As set forth above, Respondents do not indicate that they have communicated with Uganda regarding Petitioner's removal, only that they have "continuously communicated [internally] regarding the status of ACA flights to Uganda." (Wynns Decl. ¶ 14, ECF No. 4-1, PageID.55.) Further, Respondents indicate that all flights to Uganda are currently paused, and Respondents provide no timeframe as to when ACA flights suspended due to the Ebola outbreak will resume. (*See id.*) Additionally, the ERO Post Order Custody Reviews referred to by Respondents do not indicate that Petitioner is being detained due to a significant likelihood of removal and do not indicate any information regarding Petitioner's removal to Uganda. (*Id.* ¶¶ 10, 12, PageID.54.)

Under these circumstances, Respondents have failed to respond with sufficient evidence to rebut Petitioner's showing that there is a "good reason to believe" that Petitioner will not be removed in the "reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court, therefore, will grant Petitioner's § 2241 petition.

**V. Other Claims and Other Forms of Relief**

Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**VI. Proper Respondents**

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of the other Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez*

*v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain all of the remaining Respondents.

## Conclusion

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from detention, subject to any conditions of release that existed prior to Petitioner's present detention. The Court will also order Respondents to file a status report within five days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment.

Dated: October 22, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge